UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DENNIS BARTON and GINA BARTON, Co-Administrators of the Estate of KYLE ANDREW BARTON, <br><br> Executor Plaintiffs, <br><br> v. <br><br> WHITLEY COUNTY, KENTUCKY, *et al.*, <br><br> Defendants. | Civil Action No. 6:24-CV-145-CHB <br><br> **MEMORANDUM OPINION & ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Motion to Dismiss filed by Defendants Kentucky Department of Corrections, Commissioner Cookie Crews, Deputy Commissioner Lisa Lamb, Deputy Commissioner Scott Jordan, and Deputy Commissioner Hilarye Dailey ("the DOC Defendants"), [R. 30]. Plaintiffs Dennis and Gina Barton, co-administrators of the Estate of Kyle Barton, responded, [R. 35], and the DOC Defendants replied, [R. 36]. The matter is thus ripe and ready for review. For the reasons stated below, the Court will grant the DOC Defendants' Motion to Dismiss.

**I.   BACKGROUND**

This case arises from the death of Kyle Barton, a pretrial detainee at the Whitley County Detention Center. According to the Complaint, Barton was taken into custody and booked at the Whitley County Detention Center on September 14, 2023, and was held in custody there until September 30, 2023. *See* [R. 1, ¶¶ 31, 47–53]. Plaintiffs allege that, for a majority of Barton's time in custody, he "exhibited a serious medical need" from an "illness" he reportedly contracted from

- 1 -

other detainees and an abscess on his arm, *id.* ¶¶ 33–42; he was not, Plaintiffs contend, ever seen by a medical provider at the jail. *Id.* ¶¶ 35–36, 40, 44. On September 30, 2023, Plaintiffs allege that, due to Barton's "weakness" and "severely compromised" condition, he fell in his cell and "sustain[ed] serious injuries, including acute bilateral subdural hematomas, subarachnoid hemorrhage, and occipital skull fracture." *Id.* ¶ 47. Barton was transported to the hospital, where he was ultimately pronounced dead on October 1, 2023. *Id.* ¶¶ 49–54. Barton's body was then sent to the Kentucky Medical Examiner's Office for an autopsy, which was completed on the same day as his death. *Id.* ¶¶ 55–56. According to the autopsy, Barton's death was caused by "blunt force injuries of the head sustained in a fall from standing height." *Id.*

Plaintiffs allege that Barton's death was the result of "longstanding, systemic deficiencies in the medical health care provided to inmates at Whitley County Detention Center," including overcrowding, understaffing, and the underfunding of medical care reimbursements by the Department of Corrections. *Id.* ¶¶ 21–22, 28–29, 58–59. Ultimately, Plaintiffs—as co-administrators of Barton's estate—brought suit against fifteen defendants, including the DOC Defendants. *See generally id*. Plaintiffs allege the following causes of action against the DOC Defendants: under 42 U.S.C. § 1983, deliberate indifference resulting in cruel and unusual punishment and denial of due process in violation of the Eighth, Tenth and Fourteenth Amendments (Count I); and under Kentucky state law, negligence and gross negligence (Count II); negligence per se (Count III); outrage (Count VII); and wrongful death (Count IX). *Id.* ¶ 2; *see also id.* ¶¶ 68–102. Plaintiff seeks actual damages, punitive damages, pre- and post-judgment interest, costs, and attorney's fees. *Id.* at 28, ¶ 104.

On December 11, 2024, the DOC Defendants filed the instant motion. *See* [R. 30]. Plaintiffs responded in opposition to the motion, [R. 35], and the DOC Defendants replied, [R. 36]. Therefore, this motion is ripe and ready for review. The Court will now address the motion.

## II.     LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides grounds upon which a defendant may move to dismiss a claim. Relevant here are Rule 12(b)(1) and Rule 12(b)(6). First, under Rule 12(b)(1), a defendant may move to dismiss a claim for lack of subject matter jurisdiction. If subject matter jurisdiction is challenged pursuant to this rule, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Under Federal Rule of Civil Procedure 12(b)(6), a party may move for dismissal for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "plausible on its face" if the factual allegations in the complaint "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

"A complaint whose 'well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct' does not satisfy the pleading requirements of [Federal] Rule [of Civil Procedure] 8 and will not withstand a motion to dismiss.'" *Ruplinger v. Louisville/Jefferson Cnty. Metro Gov't*, No. 3:19-CV-583-DJH-RSE, 2021 WL 682075, at *2 (W.D. Ky. Feb. 22, 2021) (quoting *Iqbal*, 556 U.S. at 679).

Determining if a complaint sufficiently alleges a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, "[t]he complaint is viewed in the light most favorable to [Plaintiff], the allegations in the complaint are accepted as true, and all reasonable inferences are drawn in [the plaintiff's] favor." *Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016) (citing *Jelovsek v. Bredesen*, 545 F.3d 431, 434 (6th Cir. 2008)).

### III.   ANALYSIS

In their motion, the DOC Defendants argue that the claims against them should be dismissed. *See generally* [R. 30]. As to the federal claims against the Kentucky Department of Corrections and the Commissioners in their official capacities, the DOC Defendants contend that Eleventh Amendment sovereign immunity shields them from liability. *Id.* at 4–5. For the individual capacity federal claims against the Commissioners, the DOC Defendants argue that they are entitled to qualified immunity, and Plaintiffs failed to state a claim upon which relief can be granted, since Plaintiffs did not "make any specific allegations" that any of the individual DOC Defendants "had any direct involvement in the events that occurred" with Barton, outside of a respondeat superior theory of liability. *Id.* at 7–11. These arguments are largely comparable to the arguments made by the DOC Defendants concerning the state law claims against them: the Plaintiffs "lump all Defendants together in making their state law claims," rather than alleging

each Defendant's specific involvement, and the DOC Defendants are entitled to sovereign immunity and state qualified immunity because their actions were discretionary. *Id.* at 5–6, 11–13.

As an initial matter, the Court will dismiss the claims seeking monetary damages from the Kentucky Department of Corrections. "[A]s an agency of the Commonwealth of Kentucky, the [Kentucky Department of Corrections] is not subject to suit for money damages under § 1983 in federal court." *Bell v. Kenney*, No. 5:20-cv-164-DLB, 2020 WL 2309246, at *2 (E.D. Ky. May 8, 2020) (citations omitted); *see also Couch v. Dep't of Corrs.*, No. 6:23-CV-088-CHB, 2023 WL 3729405, at *1 (E.D. Ky. May 30, 2023). Indeed, the Eleventh Amendment deprives this Court of subject matter jurisdiction over a claim for money damages against the Kentucky Department of Corrections. *See Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018). Thus, the Court will dismiss those claims against the Kentucky Department of Corrections without prejudice.[1]

The same is true for the claims against the Commissioners in their official capacities. State officials sued in their official capacities for damages are also immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("Th[e] Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). Moreover, when state officials are sued in their official capacities for monetary damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a

---

[1] Plaintiffs mistakenly rely on *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978), which only applies to local governments and municipalities. [R. 35, pp. 9–11]. "States are protected by the Eleventh Amendment while municipalities are not, and [the United States Supreme Court] consequently limited [its] holding in *Monell* to local government units which are not considered part of the State for Eleventh Amendment purposes." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (quoting *Monell*, 436 U.S. at 690 n.54). The Kentucky Department of Corrections and its Commissioners are clearly considered part of the state of Kentucky.

§ 1983 claim). Therefore, the Court will dismiss the claims against Crews, Lamb, Jordan, and Dailey in their official capacities without prejudice.

Turning to the Plaintiffs' individual capacity claims against the Commissioners, the Court will dismiss those claims with prejudice because Plaintiffs fail to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). This is because Plaintiffs have not clearly asserted any factual allegations against the Commissioners individually. In other words, Plaintiffs have not alleged, with any specificity, what each Commissioner did or failed to do to cause the decedent harm. "To establish liability under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under color of state law." *Gregory v. Shelby Cnty.*, 220 F.3d 433, 441 (6th Cir. 2000). Importantly, a "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *See Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citation omitted); *see also Humphress v. Kentucky*, No. 1:07-CV-126-M, 2007 WL 4561163, at *2 (W.D. Ky. Dec. 21, 2007) (explaining that, "to assert a cognizable § 1983 claim, a plaintiff must allege specific facts" that "provide adequate detail to support the claim, such as specific incidents of deprivation of [a] plaintiff's rights, how each defendant was involved, the names of other persons involved, dates, and places," and "must also explain how each defendant is responsible for the alleged injuries" (first citing *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); then citing *Smith v. Rowe*, 76l F.2d 360, 369 (7th Cir. 1985))). Moreover, as the United States Court of Appeals for the Sixth Circuit has previously stated, "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that *each* Defendant is liable for [the alleged harm]." *Boxill v. O'Grady*, No. 18-3385,

2019 WL 3849559, at *3 (6th Cir. Aug. 16, 2019) (emphasis in original). After all, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyne v. Metro Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) (citation omitted). Here, although Plaintiffs allege some relevant facts in the Complaint and name the DOC Defendants, they do not clearly connect their allegations to any action by an individual DOC Defendant or clearly state how *each* defendant was responsible for the harm to the decedent. While there are allegations of overcrowding, understaffing, underfunding, and improper training at Whitley County Detention Center, Plaintiff has failed to state how any *specific* actions of Defendants Crews, Lamb, Jordan, or Dailey violated Barton's constitutional rights.[2] Therefore, Plaintiffs' § 1983 deliberate indifference claim (Count I) against these Defendants will be dismissed.

Further, to the extent that Plaintiffs suggest that the Commissioners are liable merely because they are supervisory officials with the Kentucky Department of Corrections, the Sixth Circuit has made it clear that, in a civil rights case, "liability must be based on more than respondeat superior, or the right to control employees." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)) (internal quotation marks omitted); *see also Bell*, 2020 WL 2309246, at *2 ("[T]he mere fact of supervisory capacity is not

---

[2] The Plaintiffs attempted to connect the DOC Defendants to certain allegations in their response to Defendants' Motion to Dismiss. *See* [R. 35]. At this stage, however, the Court evaluates the sufficiency of allegations made in the Complaint, not the arguments presented in a party's briefing. *See Acosta v. Peligrino*, No. 3:17-CV-01381, 2018 WL 2045938, at *2 (M.D. Tenn. May 2, 2018) ("[W]hen determining whether to dismiss [the plaintiff's] Complaint, the Court must only look to whether the Complaint states a claim for relief, not arguments in [the plaintiff's] briefings." (citing *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012))); *Johnson v. Washington*, No. 2:22-cv-12360, 2023 WL 9510833, at *6 n.3 (E.D. Mich. Dec. 18, 2023), *report and recommendation adopted*, 2024 WL 195961 (E.D. Mich. Jan. 18, 2024) ("[I]t is fundamental that [the plaintiff] cannot alter his allegations by claiming something different in a response brief. The Court is bound to look at his allegations, as pleaded in his [ ] complaint, not as asserted in a response brief." (citation omitted)).

enough; *respondeat superior* is not an available theory of liability." (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325–26 (1981))). Thus, Plaintiffs' Complaint fails to state a claim against the Commissioners, and the federal claims against them in their individual capacities will be dismissed with prejudice.

The state law claims against the DOC Defendants will be dismissed for much the same reason. First, the Kentucky Department of Corrections and its Commissioners in their official capacities are entitled to sovereign immunity for the state law claims. *See Yanero v. Davis*, 65 S.W.3d 510, 517–19 (Ky. 2001). Further, the Plaintiffs' state law claims in the Complaint do not sufficiently connect any of the individual Defendants' actions to the elements required for each cause of action. Concerning Count II, for example, under Kentucky law, "[a] common law negligence claim requires proof of (1) a duty owed by the defendant to the plaintiff, (2) breach of that duty, (3) injury to the plaintiff, and (4) legal causation between the defendant's breach and the plaintiff's injury." *Wright v. House of Imports, Inc.*, 381 S.W.3d 209, 213 (Ky. 2012) (citations omitted). A review of Plaintiffs' Complaint shows that it is devoid of any facts showing how any of the DOC Defendants were directly involved in Barton's care (or lack of care). Further, the Complaint fails to allege that these particular Defendants were even aware of Barton's condition. Without any of these facts, this claim fails. *See Iqbal*, 556 U.S. at 678. For some state law claims presented, the allegations are particularly bare and lack any mention of a specific defendant's actions; for Count VII (Outrage), the Plaintiffs rely on a single sentence, alleging that "Defendants' treatment of Kyle Barton was so beyond the bounds of human decency that it exemplifies the tort of outrage." [R. 1, ¶ 96]. For the reasons explained above, namely that Plaintiffs have not alleged how each of the DOC Defendant's individual actions are connected to the state law violations in

Counts II, III, VII, and IX, the state law causes of action do not state a claim upon which relief can be granted and will therefore be dismissed.[3]

## IV.    CONCLUSION

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1.      Defendants Kentucky Department of Corrections, Crews, Lamb, Jordan, and Dailey's Motion to Dismiss, [R. 30], is **GRANTED**.

2.      Plaintiffs' § 1983 claim (Count I) is **DISMISSED** as to Defendants Kentucky Department of Corrections, Crews, Lamb, Jordan, and Dailey, in their official and individual capacities.

3.      Plaintiffs' negligence and gross negligence claim (Count II) is **DISMISSED** as to Defendants Kentucky Department of Corrections, Crews, Lamb, Jordan, and Dailey, in their official and individual capacities.

4.      Plaintiffs' negligence per se claim (Count III) is **DISMISSED** as to Defendants Kentucky Department of Corrections, Crews, Lamb, Jordan, and Dailey, in their official and individual capacities.

5.      Plaintiffs' outrage claim (Count VII) is **DISMISSED** as to Defendants Kentucky Department of Corrections, Crews, Lamb, Jordan, and Dailey, in their official and individual capacities.

---

[3] Under Kentucky law, "qualified official immunity applies to the negligent performance by a public officer or employee of (1) discretionary acts or functions, *i.e.,* those involving the exercise of discretion and judgment, or personal deliberation, decision, and judgment; (2) in good faith; and (3) within the scope of the employee's authority." *Yanero v. Davis*, 65 S.W.3d 510, 522 (Ky. 2001) (internal citation omitted). Officers must make a *prima facie* showing that their actions were discretionary and within the scope of employment. *See id.* at 523. It appears that the Commissioners were performing discretionary acts within the scope of their employment with the Kentucky Department of Corrections and would be entitled to state qualified immunity, absent a showing of bad faith.

6. Plaintiffs' wrongful death claim (Count IX) is **DISMISSED** as to Defendants Kentucky Department of Corrections, Crews, Lamb, Jordan, and Dailey, in their official and individual capacities.

This the 10th day of June, 2025.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY